IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Montavious Winkfield, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:18-cv-950-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Michael Staphen, | ) | |
| Lisa Young, | ) | |
| Anite Stevens, and | ) | |
| Laura H. Kawaguchi, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging that the Defendants violated his constitutional rights. (ECF No. 1-1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Plaintiff filed a Motion to Compel on December 13, 2018. (ECF No. 60). On January 22, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 65). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. (ECF No. 67).

When Plaintiff missed the deadline for his response to the Motion for Summary Judgment, the court issued an order allowing Plaintiff extra time to respond. (ECF No. 73). In that order, the court warned Plaintiff that failure to respond would result in the case being subject to dismissal for failure to prosecute. *Id.* On April 1, 2019, Plaintiff filed a Motion for Extension of Time to file his response, (ECF No. 77), which the court granted (ECF No. 78). Plaintiff then filed a second Motion for Extension of Time (ECF No. 80), which the court granted (ECF No. 81). When Plaintiff missed

this deadline to respond, the court issued another order extending Plaintiff's time to respond and warning plaintiff that failure to respond would result in the case being subject to dismissal for failure to prosecute. (ECF No. 86). Thereafter, Plaintiff filed a third Motion for Extension of Time (ECF No. 88), which the court granted (ECF No. 89). However, the Plaintiff never responded to the Motion for Summary Judgment.

Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' Motion for Summary Judgment (ECF No. 65). (ECF No. 96). Plaintiff was advised of his right to file objections to the Report. *Id.* at 17. However, Plaintiff filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the magistrate judge's Report (ECF No. 96), which is incorporated herein by reference. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 65) is **GRANTED**. Because the court finds that Defendants are entitled to summary judgment, Plaintiff's Motion to compel (ECF No. 60) is **DENIED** as moot. [1]

---

[1] Additionally, because the court finds that Defendants are entitled to summary judgment, the court will not address whether Plaintiff's case is subject to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

                                                  s/Timothy M. Cain

                                                  United States District Judge

Anderson, South Carolina
August 20, 2019

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.